[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2007
THOMAS K. KAHN
CLERK

No. 06-11422

_____

D. C. Docket No. 03-02284-CV-BE-E

LEVOYER WILSON,

Plaintiff-Appellee,

versus

NHB INDUSTRIES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 17, 2007)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,* District Judge.

PER CURIAM:

---

* Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

Defendant-appellant NHB Industries, Inc. ("NHB") appeals the district court's final judgment following a jury verdict in favor of NHB's former employee, plaintiff-appellee Levoyer Wilson, in this case brought under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* NHB raises four grounds on appeal: first, that Wilson failed to carry his burden of proof to demonstrate that he suffered a serious health condition within the meaning of the FMLA; second, that Wilson failed to carry his burden of proof to demonstrate that NHB had notice that Wilson's absences might be protected under the FMLA; third, that the district judge erred in overruling NHB's objection to Wilson's counsel's misstatement of law during closing argument and in failing to give a curative instruction; and fourth, that the district judge abused her discretion in awarding liquidated damages. Because the Court finds the third issue to be dispositive, it need not reach decision on the other issues.

"[T]he trial judge is given considerable discretion to control the tone of counsels' arguments and, absent an abuse of discretion, the decision of the trial court, which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed." *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988). In its review, this Court considers "the entire argument, the context of the remarks, the

objection raised, and the curative instruction to determine whether the remarks were 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" *Id.* (quoting *Spach v. Monarch Ins. Co.*, 309 F.2d 949, 953 (5th Cir. 1962)).

To prove his claim that NHB interfered with Wilson's FMLA protected rights, Wilson had the burden of demonstrating that he suffered from a "serious health condition" within the meaning of the FMLA at the time of his absences from work, that he was an eligible employee, that he gave appropriate notice to NHB such that it should have made further inquiry to determine whether the absences were the result of a potentially qualifying FMLA reason, and that he was entitled to a benefit under the FMLA that NHB denied him. 29 U.S.C. §§ 2612(a)(1)(D), 2615(a)(1). *See Drago v. Jenne*, 453 F.3d 1301, 1305-06 (11th Cir. 2006); *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382-83 (11th Cir. 2005).

In their closing arguments, counsel for both sides pointed to evidence, or the lack thereof, bearing on the first and third elements- - whether Wilson had demonstrated he suffered from a serious health condition and whether he had given notice to NHB that would trigger its duty to investigate further. In his closing, counsel for NHB argued that Wilson had failed to establish that he had a serious health condition because he failed to put on testimony from any medical

provider, such as Dr. Hakim [plaintiff's gastroenterologist] or any emergency room employee who could corroborate Wilson's own testimony regarding his condition. Tr. 363.[1] NHB's counsel again referenced Wilson's failure to call any medical providers to testify when describing Wilson's failure to meet his burden on the notice element, stating that Wilson was the only witness on his "side of the ledger" and that he could have potentially called a "medical provider." Tr. 365. In rebuttal, counsel for Wilson turned to the same theme, stating the following:

> Mr. Romaniuk [counsel for NHB] tells you that we haven't heard from any doctors. No doctors have been put on here. Ask yourself, what did NHB do to find out what was going on with his condition? The law doesn't require Mr. Wilson to go in the first sign that he needs leave and carry his whole medical file with him. As the judge told you,[2] he just has to give them enough notice based on all of the information previously available to them for them to wonder[,] does the absence relate to this health condition. And if it does, then the burden shifts to NHB. *NHB never tried to call Dr. Hakim to see what was going on to see what they could do.*

Tr. 373-74 (emphasis added). Counsel for NHB immediately objected and asked to approach the bench. The judge summarily overruled the objection and Wilson's counsel continued:

---

[1] "Tr." references are to the trial transcript, located in Vol. 6 of the ROA.

[2] The judge had charged the jury in advance of the closing arguments.

"And you even heard me ask [NHB] witnesses on the stand, what did you do to follow up with his doctor? Nothing. . . ." Tr. 374.

After Wilson's counsel completed her rebuttal, the judge explained the verdict form and then dismissed the jury to begin their deliberations. Counsel for NHB then requested that the jury be supplementally instructed, arguing that it was "inappropriate and unlawful" for an employer to call an employee's medical provider as Wilson's counsel had argued NHB should have done, and that it was misleading to state to the jury otherwise. Tr. 386. After hearing from Wilson's counsel, the judge declined to give an additional curative instruction. NHB filed a motion for new trial on these same grounds which the court denied.

On these facts, the Court finds the district judge abused her discretion in failing to sustain NHB's objection and give a curative instruction. Wilson's counsel's comments, offered during rebuttal when NHB had no further opportunity to speak to the jury, went directly to elements of Wilson's claim that were at issue in this case and contended that NHB should have taken action that in fact would have been prohibited under the FMLA and other laws. *See, e.g.,* 29 C.F.R. § 825.307(a) (explaining that an "employer may not request additional information from the employee's health care provider" to verify adequacy of medical certification); U.S. Dep't of Labor Opinion Letter regarding FMLA dated

May 25, 2004, 2004 WL 2146933 ("an employer's direct contact with the employee's health care provider is prohibited"); Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq.* In all likelihood, the effect of Wilson's counsel's prejudicial comment could have been ameliorated by a curative instruction. Instead, by overruling NHB's timely objection and allowing Wilson's counsel to repeat the point, the court likely gave the imprimatur of correctness to Wilson's counsel's improper suggestion. *Allstate Ins. Co.*, 845 F.2d at 319.

Given that the jury heard the parties' closing arguments after they had already been instructed on the law, and where the improper comments occurred during Wilson's counsel's rebuttal when NHB had no further opportunity to speak to the jury, and where the comments constituted a misstatement of the law which went directly to the very issues contested in the case, the Court finds that counsel's improper comments, especially without a curative instruction, cast an impermissible taint over the jury's verdict. *Id.* at 318-19.

Accordingly, the final judgment is vacated and this case is remanded for a new trial. At the retrial, plaintiff is encouraged to consider whether to support his position with testimony or other evidence from his medical providers.

**VACATED AND REMANDED FOR NEW TRIAL.**